

Andrew J. Marino
Associate

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4683 Fax: 973-639-6332
amarino@gibbonslaw.com

February 20, 2024

**VIA ECF**

Honorable Cathy Seibel, U.S.D.J.
United States District Court for the
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

> **Re:** *Yellin v. Nordic Naturals, Inc.*, No. 23-cv-10681-CS:
> **Request for Pre-Motion Conference on Motion to Dismiss the Complaint**

Dear Judge Seibel:

This firm represents Defendant Nordic Naturals, Inc. in the above-referenced matter. Pursuant to Your Honor's Individual Rule 2.A., we write to respectfully request a pre-motion conference to set briefing deadlines for Nordic Naturals' anticipated Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") (ECF No. 12).

Plaintiff, the purchaser of two Nordic Naturals products, alleges that Nordic Naturals deceptively markets and falsely advertises 115 of its dietary supplements and multivitamins (the "Products") purportedly on the ground that the Products' labels misrepresent the dosage amount of each capsule, tablet, or gummy. FAC ¶ 2. Specifically, the front label of each Product states the Product's dosage amount (e.g., "500mg Omega 3") and the number of tablets, capsules, or gummies included in the container (e.g., "60 soft gels"). *Id.* Plaintiff contends that this "dosage" representation misleads consumers into believing that each tablet, capsule, or gummy, as opposed to each daily serving, contains that dosage. *Id.* Nordic Naturals submits that full briefing will show that Plaintiff's claims under New York General Business Law ("GBL") sections 349 and 350 and for breach of warranty cannot succeed.

**I.   The Complaint Fails to State a GBL Claim.**

Plaintiff's GBL claims should be dismissed because no reasonable consumer could be deceived or misled by the Products' truthful labels, which accurately disclose the numerical count of capsules in the container, the number of servings per container, and the dosage per serving. The pivotal inquiry under both GBL sections "is whether the product label is materially misleading," which may be determined as a matter of law. *Mustakis v. Chattem, Inc.*, 2022 WL 714095, at *2 (E.D.N.Y. Mar. 9, 2022). "[W]here ambiguity might exist related to certain representations on a product's label, context can be crucial in determining whether a reasonable consumer would have been misled or deceived," *Foster v. Whole Foods Market Group, Inc.*, 2023 WL 8520270, at *2 (2d Cir. 2023), and "under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception," *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d

GIBBONS P.C.

Hon. Cathy Seibel, U.S.D.J.
February 20, 2024
Page 2

Cir. 2013); *see also Adeghe v. Procter & Gamble Co.*, 22-cv-10025 (CS), 2024 WL 22061, at *3-4 (S.D.N.Y. Jan. 2, 2024) (Seibel, J.) ("[W]hen a statement is ambiguous, every reasonable shopper knows the devil is in the details and thus would seek clarification elsewhere on the package." (citation omitted)).

Here, the dosage statements made on the front of the Products' labels accurately state the net quantity of contents, expressed in terms of numerical count (*e.g.,* "54 Gummy Chews" (Ex. 1-69, D.E. 12-2 at 14)), and Plaintiff does not contend otherwise. Even assuming for the sake of argument that the dosage representation on the front label created an ambiguity as to whether the dosage amount was per serving or per unit, the labeling must be viewed as a whole, and any ambiguity could have been instantly clarified by examining the Supplement Facts panel—arguably, the most important part of any dietary supplement label—which provided precisely the information that Plaintiff claims she was denied.

The FAC, however, inexplicably and misleadingly omitted the Supplement Facts panel for all but two of the 115 Product labels incorporated into the FAC as Exhibits. The Supplement Facts panel for all Nordic Naturals products clearly state the "Serving Size" and "Servings Per Container" among other crucial nutritional information, as required by federal law. (Ex. 1-69, D.E. 12-2 at 15; Ex. 1-87, D.E. 12-2 at 51). The actual, complete product labels would be submitted with the anticipated Motion to Dismiss and Request for Judicial Notice. *See Martelli v. Rite Aid Corp.*, 21-cv-10079 (PMH), 2023 WL 2058620, at *1 n.2 (S.D.N.Y. Feb. 16, 2023) (taking judicial notice of product label images and citing cases).

Just two months ago, the Second Circuit affirmed the dismissal of a similar claim alleging that the statements "Omega-3s EPA & DHA" and "1000mg Per Serving" would lead a reasonable consumer to conclude that a product contained 1000mg of EPA and DHA per serving, in part because the product's back labeling "clearly and accurately state[d] to consumers the supplement facts per serving." *Foster*, 2023 WL 8520270, at *2. That precedent directly applies here, and mandates dismissal of the FAC.

## II. The Complaint Fails to State an Express or Implied Warranty Claim.

Plaintiff's express warranty claim similarly fails: (1) the Products' labels are accurate and (2) a reasonable consumer would not interpret the statements as representations that the Products did not contain the advertised dosage. An express warranty claim requires the existence of an express promise or representation, reliance on that promise or representation, and a breach of that representation. *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 286 (S.D.N.Y. 2009). Even if the statements on the Products' labeling can be considered express promises or representations, they are, as discussed above, true, and Plaintiff does not allege otherwise. *See generally* FAC. Moreover, a reasonable consumer would not interpret the statements on the front labeling as representations that the Products did not contain the advertised dosage. *See Atik v. Welch Foods, Inc.*, 2016 WL 5678474, at *13 (E.D.N.Y. Sept. 30, 2016) (an express warranty claim "require[s] the court to consider the reasonableness of a consumer's interpretation of [a] label"). A reasonable consumer would, instead, treat the label statements as, at most, ambiguous, and would therefore turn to the serving size information contained on the Products' back labels. Because the FAC

GIBBONS P.C.

Hon. Cathy Seibel, U.S.D.J.
February 20, 2024
Page 3

cannot identify an express promise that the Products did not contain the advertised dosage, this claim fails. *See Lake v. Kardjian*, 874 N.Y.S.2d 751, 755 (N.Y. Sup. Ct. 2008).

Plaintiff's implied warranty of merchantability claim fails because the FAC cannot allege that the Products are "unfit for the ordinary purposes for which such goods are used." *Santiful v. Wegmans Food Mkts., Inc.*, No. 20-CV-2933 (NSR), 2023 WL 2457801, at *4 (S.D.N.Y. Mar. 10, 2023); *Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154 (JG), 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015) ("Where the sale of a food or beverage is concerned, courts have ruled that the product need only be fit for human consumption to be of merchantable quality.").

Finally, Plaintiff has failed to allege privity, a requirement of an implied breach of warranty claim in New York when only economic injury is alleged. *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 101 (2d Cir. 2023). Plaintiff alleges that he purchased the Products through Amazon, a third-party vendor. FAC ¶ 9(b). This "lack of an immediate transaction" renders Plaintiff a "remote purchaser" to whom a warranty cannot extend. *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 591-92 (S.D.N.Y. 2021).

**III.     Plaintiff Lacks Standing To Challenge Products He Did Not Purchase.**

Plaintiff's Complaint challenges 115 Nordic Naturals products, FAC ¶ 4, yet Plaintiff alleges he only ever purchased two of those products: Arctic Cod Liver Oil (purchased once) and Zero Sugar Curcumin Gummies (purchased twice), *id.* ¶ 9(b). A plaintiff lacks standing to sue based on products he did not purchase. *See, e.g.*, *DiMuro v. Clinique Lab'ys, LLC*, 572 F. App'x 27, 29 (2d Cir. 2014) (plaintiff who purchased three out of seven cosmetic products lacked class standing); *Elkind v. Revlon Consumer Prod. Corp.*, 2015 WL 2344134, at *4 (E.D.N.Y. May 14, 2015) (plaintiff must been injured in a "personal and individual way" with respect to each product purchased); *see also Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62, 64 (2d Cir. 2012) (class certification requirements under Rule 23 "cannot alter [the] constitutional requirement" of individual standing). Plaintiff has not plausibly alleged that the "same set of concerns" applies to the products that he did not purchase, because they are different products whose labeling contains different representations. FAC ¶ 4. As such, the Court should dismiss Plaintiff's claims related to the other products under Rule 12(b)(1).

       *       *       *       *

For all of the foregoing reasons, Nordic Naturals requests a pre-motion conference to set a briefing schedule for its Motion to Dismiss Plaintiff's FAC.

Respectfully submitted,

*s/ Andrew J. Marino*

Andrew J. Marino

cc: All counsel of record (via ECF)
   Chambers (via email to chambersnysdseibel@nysd.uscourts.gov)